The rule was stated and applied in Re: Richter, 57 Fed (2d) 159, 20 ABR ns 516 (2 C. C. 1932) where a partner had made a payment to his wife out of partnership funds and Judge Hand stated that while this doubtless constituted an illegal preference, it was not a transfer or concealment with intent to hinder, delay or defraud creditors, and while recoverable as preferential transfer, is not a bar to a discharge.

Recently, this Referee had a similar case, where there was a preferential transfer before bankruptcy, which was found not in fraud of creditors, and discharge was granted and affirmed on review by Judge McNamee In Re: Beebe 99 F. Supp. 308.

The finding is that objections to discharge of bankrupts should be overruled, dismissed and discharges be granted, to all of which the objector may have his exceptions.

**DWORKEN, Plaintiff-Appellant, v. CLEVELAND BOARD OF EDUCATION, etc., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21968. Decided June 12, 1951.

J. B. Dworken, M. R. Dworken, Cleveland, for plaintiff-appellant.

Lee C. Howley, Director of Law, Chas. W. White, Asst. Director of Law, Cleveland, for defendant-appellee.

(PHILLIPS, PJ, GRIFFITH, J, of the 7th District; METCALF, J, of the 4th District, sitting by designation in the 8th District.)

## OPINION

By THE COURT:—

After demand made upon and refusal by the Director of Law of the City of Cleveland, as defendant's statutory counsel, to file same, plaintiff, an attorney, and a resident and taxpayer of the City of Cleveland, filed an action in the Court of Common Pleas of Cuyahoga County to restrain the Cleveland Board of Education from expending school funds in the administration of its "loyalty oath program" for its principals, teachers and other employees.

Plaintiff appealed to this Court on questions of law and fact from the judgment of the Court of Common Pleas denying him injunctive relief and dismissing his petition.

There is no dispute concerning the facts which reveal that in April, 1949, there were 150 separate schools in the Cleveland City School District, manned by 3898 teachers and principals and other personnel totaling 2631, and attended by 100,714 pupils; that on May 23, 1949, by resolution duly adopted, which became part of the rules and regulations of defendant board, it requested present employees, and required prospective employees, to make affidavit of willingness to support and defend the Constitution of the United States, and to state under oath that he or she "is not a communist, and is not a member of any organization advocating any seditious practice or overthrow of the United States Government by force or violence.

Pursuant to the adoption of such resolution defendant board printed 7500 oath forms at a cost of $33.63 and distributed 4800 of them by mail to certain of its employees, 4168 of such employees returned them signed and sworn to.

Plaintiff contended in the Court of Common Pleas, as he contends in this court, that defendant board exceeded its powers as a state board, and that its action in requesting and requiring the execution of such affidavits was an illegal expenditure of public money and unconstitutional; and violated the Declaration of Independence, the Fourteenth Amendment of the Constitution of the United States, and **Article I, Sections 1 and 11 of the Constitution of Ohio.**

The Declaration of Independence, the Fourteenth Amendment of the Constitution of the United States and **Sections 1 and 11 of Article I, Constitution of Ohio,** the portions of which plaintiff contends are applicable, provide inter alia as follows:

"* * * all men are created equal and they are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness." Declaration of Independence.

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Fourteenth Amendment of the Constitution of the United States.

"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and seeking, and obtaining happiness and safety." **Article I, Section 1 of the Constitution of the State of Ohio.**

"Every citizen may freely speak, write and publish his sentiments on all subjects * * * and no laws shall be passed to restrain or abridge the liberty of speech, or of the press. * * *." **Article I, Section 11 of the Constitution of the State of Ohio.**

Authority is vested in defendant board "to make such rules and regulations as it deems necessary for its government and the government of its employees and the pupils of the schools." In the absence of fraud, abuse of discretion, arbitrariness or unreasonableness, none of which are found in the case we review, this court will not interfere with that authority nor substitute its judgment for that of defendant board upon matters delegated to it to decide in conducting the affairs of its schools. See §4834-5 GC; **State ex rel Milhoof v. Board of Education, 76 Oh St 297; Board of Education v. Wickham, 80 Oh St 133; Brannon v. Board of Education, 99 Oh St 369; Greco v. Roper, 145 Oh St 243; Board of Education v. State ex rel Brown, et al, 37 Oh Ap 453; Christman et al v. State ex rel Norris et al, 45 Oh Ap 541; Harrison v. Board of Education, 60 Oh Ap 45.**

This conclusion forthwith brings us to a consideration of whether defendant abused its discretion in the adoption of the resolution under discussion.

Such rule made no provision for a penalty, nor threat of penalty, for refusal of present, nor prospective, employees of defendant board refusing to execute the requested affidavits. The execution, or failure or refusal to execute such affidavit was a matter addressed to the judgment of the individual employee.

The resolution and rule requires prospective employees to execute the prescribed affidavit, and much ado is made about this requirement depriving such prospective employee of constitutional rights.

With reference to the rights of prospective employees to be employed by defendant board its counsel said in their brief:—

"(c) The remaining group to which the regulation addresses itself is the prospective employes. It requires that they execute the oaths. No prospective teacher may insist on being employed as of right. Secs. 4842-6 and 4842-7 GC. He or she must first be nominated by the superintendent and, then, employed by the board. The relation between the employing board and the new teacher is one of contract altogether. And no reason need be assigned for the refusal or failure to employ a prospective teacher. See Frederick v. Owens, 25 C. C. (n. s.) 581, supra. As to non-teaching personnel, it may be assumed that they are, for the most part,

aspirants for civil service appointments. They gain no prescriptive rights by competing successfully in an examination and attaining a place on a resulting eligible list. While the appointing authority must appoint from such a list (as long as it contains three or more names) he has an unfettered choice of one out of three persons certified. **Sec. 486-13 GC.** Subject to the latter qualification he may refuse to appoint whom he may and need give no reason for doing so. As to prospective employes to positions in the exempt class or the unclassified service (§486-8 GC) the appointing authority has an entirely free hand in appointing or not appointing whomever he pleases. In any event, in Ohio, there is no prescriptive right to public employment. **State ex rel Gordon v. Barthalow, Aud., 150 Oh St 499 (1948); Taylor v. City of Cleveland, 87 Oh Ap 132** (Cuyahoga County) (Motion to certify Overruled). The first paragraph of the syllabus in the Gordon case is as follows:

"1. A public officer or public general employee holds his position neither by grant nor contract, nor has any such officer or employee a vested interest or private right of property in his office or employment. (The holding in the case of **City of Cleveland v. Luttner, 92 Oh St 493,** to the effect that there is a contract between a public officer and the public he serves, overruled.)"

"The regulation, while requiring that prospective employees execute the oaths, goes no further. Their avowed loyalty may thereby become a policy factor in considering them for employment but the regulation does not pretend to make it a determining factor such as would close shut the door to their aspiration if they refused to execute the oaths. And it does not appear in the record that any such person has been refused employment for having failed or refused to comply with the regulation."

There is no evidence before us that any prospective employee was refused employment by defendant board because of refusal to sign such affidavit, nor that any constitutional rights of such prospective employee were violated.

By constitutional amendment, as a condition to their continued right to preach and teach, the State of Missouri required clergymen to make affidavit that they had not theretofore committed acts enumerated therein under penalty of fine and imprisonment for teaching or preaching without subscribing to such oath.

In the case of Cummings v. State of Missouri, 71 U. S. 277, the supreme court of the United States held such amendment unconstitutional.

The case before us is distinguished from that case, which was cited by plaintiff, by the fact that the right to continue to work for, or apply for work with, defendant board in the oath exempted classes, is not effected by the regulation under discussion as was the right of clergymen to teach or preach in the case of Cummings v. State of Missouri, supra.

The evidence submitted to us convinces us that by such request and requirement there has been no violation "of individual liberties guaranteed by the constitution; no outrage in the feeling, restraints on the person, deprivation of civil or political rights" previously enjoyed by those requested or required to sign such affidavits; that there has been no "disqualification from the pursuits of a lawful avocation" of any employee, or prospective employee, of defendant board "amounting to a form of punishment" which "although not directly depriving them of life, liberty or property does involve" them or deprive them of any rights constitutional or otherwise.

Unlike plaintiff, from the evidence, or lack of evidence, we cannot conclude that by making such request imposing such requirement defendant board presumes that its present and prospective employees advocate, and intend to advocate, the overthrow of the government of the United States by force and violence, and are members of organizations having that purpose as their objective; nor that by such request and requirement "defendant adjudges and deprives the teachers of their right to teach and other employees of their right to be employed by said defendant unless it is first removed "by the expurgatory oath" in the affidavit above set forth.

Nor "that the enforcement of the regulation will lead to great confusion and contention, demoralize the teaching staff (not one of whom have made any such claim) and undermine the prestige and stability of the public schools of said district;" nor that such request or requirement, will cause the wrongful and illegal expenditure of money of said school district * * *."

Assuming as plaintiff argues by brief, but as not shown by the evidence, that defendant "made no investigation whatever and heard no evidence as to whether or not the communist party had infiltrated the Cleveland Public School System, and were endangering the people by expounding Communist Doctrine in the schools" still it was under no duty to do so. It is an administrative body with broad discretion in protecting the Public School System of Cleveland.

We are not concerned with whether the resolution proposed by defendant board was wise or unwise. Unless and until the

constitutional rights of a citizen of the United States are infringed by action implementing such regulation the hand of this court is stayed effectively by the law as announced by the supreme court of Ohio.

It is obvious from what we have said that we cannot conclude that the members of defendant board illegally expended any of its money, exceeded its powers as a state board, nor deprived its employees of any rights constitutional nor otherwise.

Finding and decree for defendants. Exc. Order see journal. Motion for new trial, if filed, overruled. Exc.

PHILLIPS, PJ, METCALF, J, GRIFFITH, J, concur.