**STATE, Plaintiff-Appellee, v. HAMILTON, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3489. Decided October 29, 1951.

William A. Ambrose, Pros. Atty., Harold H. Hull, Asst. Pros. Atty., Youngstown, for plaintiff-appellee.

N. D. Davis, Cleveland, for defendant-appellant.

## OPINION

By THE COURT:

Defendant having waived trial by jury a judge of the court of common pleas found defendant guilty of "making a false statement to obtain unemployment benefits" upon an indictment laid under §1345-6D (2a) GC, which provides inter alia:—

"No individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual: * * *

"(2a) advocates, or is a member of a party which advocates, the overthrow of our government by force. Every person filing a claim for benefits in accordance with §1346-4 GC shall attach to such claim his written affidavit stating whether he advocates or does not advocate, and whether he is or is not a member of a party which advocates, the overthrow of our government by force. In the absence of such affidavit no claim shall be valid."

Defendant appealed to this court on questions of law from the judgment of conviction of the trial judge entered upon his finding.

Defendant executed the following affidavit contained in a prescribed printed application for such benefits:—

"I do hereby solemnly swear (or affirm) that I do not advocate the overthrow of our government by force and that I am not a member of a party which advocates the overthrow of our government by force."

Defendant contends that the trial judge erred to his prejudice in overruling defendant's demurrer to the indictment, which demurrer was bottomed on the ground that the section of the Code under which the indictment was laid "is unconstitutional and violative of the defendant's rights in a number of fundamental ways"; erred in "overruling the defendant-appellant's motion for discharge at the close of all the evidence." Defendant further contends that the "finding of guilt by the lower court is not sustained by sufficient evidence" and "is contrary to law"; and that there are "other errors of law appearing on the face of the record, prejudicial to the defendant-appellant."

Further defendant contends that even though the record is sufficient to show beyond a reasonable doubt that some years before the date he executed the affidavit in question he was a member of the Communist Party the record does not disclose that the affidavit when made was false because the defendant may have abandoned the Communist Party and advocacy of its principles before the affidavit was made.

The state contends that "all the assignments of error and constitutional questions raised in the instant case, have been

fully and ably answered in the case of **Dworken v. Collopy, 56 Abs 513.**"

That was a suit by Jack B. Dworken against Frank J. Collopy, administrator of the Bureau of Unemployment Compensation, to restrain the enforcement of provision in the Unemployment Compensation Act that an individual who advocates, or is a member of a party which advocates, overthrow of government by force shall not be eligible for compensation. The court of common pleas, Reynolds, J., held that the provision in question was valid, and dismissed the action. No appeal was taken therefrom.

We cannot discuss all of the "fundamental ways" in which defendant was allegedly deprived of his constitutional rights by being indicted under §1345-6D (2a) GC, except to state that he argues that that section of the General Code "emerges in all its nakedness as an unwarranted discrimination against unemployed workers, as in the nature of a bill of attainder," and as such unconstitutional; that it violates the freedom of speech, press and assembly; that it is repugnant to the due process clauses of the Constitutions of the United States and of the State of Ohio "by adopting the obnoxious principle of guilt by association," which is "directly involved in both the language and meaning of" such section; that it is "violative of the defendant's right to equal protection under the laws (14th Amendment, United States Constitution, and **Ohio Constitution, Article I, Section 2)**" in that "the affidavit in this case distinguishes between persons who belong to a party (political party, presumably) which advocates forceful change in government and those who do not"; and that the legislature "has used its power arbitrarily and hysterically."

While defendant contends that "the record in this case is completely bare of any proof that the defendant herein personally advocates the overthrow of our government by force," yet there is convincing and undisputed evidence, photographic and otherwise, to the contrary.

In our opinion there is sufficient evidence of the required degree to support the finding and judgment of the court of common pleas, thus freeing the trial judge of the charge of commission of prejudicial and reversible error "in overruling defendant-appellant's motion for discharge at the close of all the evidence," and the claims that "the finding of guilt by the lower court is not sustained by sufficient evidence, is contrary to the weight of the evidence, and is contrary to law."

With reference to defendant's contention as to present membership in the Communist Party it is sufficient to say that the defendant did not take the stand to deny membership in that party, nor that at the time of the execution of the

442

affidavit in question he had ceased to be a member of the Communist Party, or had ceased to advocate the overthrow of the government by force. In other words, defendant did not refute the evidence showing membership in such party, nor offer any evidence of abandonment of such party affiliation before execution of such affidavit.

Also see **Jack B. Dworken,** Plaintiff-Appellant, v. **Cleveland Board of Education,** et al, Defendants-Appellees, Cuyahoga County Appeals No. 21968, decided June 12, 1951, **OA 63 Abs 10 (CP 57 Abs 449).**

Appellant's counsel has failed to call our attention to "other errors of law appearing on the face of the record, prejudicial to the defendant-appellant," as alleged as a ground of error, nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH & PHILLIPS, JJ, concur.